UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNERGY ERGONOMICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-243 (JCH) |
| ) | |
| ERGONOMIC PARTNERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 9), filed March 25, 2008. The matter is fully briefed and ready for disposition.

## **BACKGROUND**

Plaintiff Cynergy Ergonomics, Inc. is a Missouri corporation with its principal place of business in Ballwin, Missouri. (Compl., Doc. No. 1 at ¶ 5). Defendant Ergonomic Partners, Inc., which is owned by Defendant Matt Timme, is a Missouri corporation with its principle place of business in St. Louis, Missouri. (Id. at ¶¶ 6-7).

Since November 16, 2004, Plaintiff has been engaged in the business of selling commercial and industrial material handling products and services. (Id. at ¶ 8). Since that time, Plaintiff has been using the design shown in Exhibit A of the Complaint ("Plaintiff's Mark") as its mark. (Id.). Plaintiff's Mark has a figure standing in a pose resembling the "Vitruvian Man," and the figure is surrounded by eight, evenly spaced tick marks that form a circle. (Id. at Ex. A). Plaintiff uses this mark on its website, brochures, product tags, proposals, and letter head. (Id. at ¶ 9).

Defendants are also in the business of selling commercial and industrial material handling products and services. (Id. at ¶ 14). Since January 23, 2007, Defendants have been using the design shown in Exhibit B of the Complaint ("Defendants' Mark") as their mark. (Id. at ¶¶ 14-15). Defendants' Mark also has a figure in a "Vitruvian man" pose, and the figure is surrounded by a circle. (Id. at Ex. B).

In October 2007, Plaintiff contacted Defendants and requested that they stop using Defendants' Mark because it infringes on Plaintiff's Mark. (Id. at ¶ 16). Defendants did not comply with this request. (Id. at ¶ 17). On February 19, 2008, Plaintiff filed this action alleging the following counts: (I) false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (II) common law trademark infringement, in violation of Mo. Rev. Stat. § 417.066(1); and (III)Missouri common law unfair competition. (Id. at ¶¶ 17-43). Defendant filed its motion to dismiss on March 25, 2008. (Doc. No. 9).

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

**DISCUSSION**

In their motion to Dismiss, Defendants assert that Plaintiff fails to state a claim on all three counts because it cannot show that there is likelihood of confusion among consumers. (Memo. in Supp., Doc. No. 10 at pp. 3-4). Defendants ask the Court to take judicial notice of numerous facts to support its argument. Plaintiff responds that the Court may not look outside the record when ruling on a motion to dismiss.

In order to state a claim for false designation of origin under the Lanham Act, Plaintiff must allege "ownership of a valid trademark and a likelihood that defendants' allegedly infringing mark would be confused with the valid mark." Steak n Shake Co. v. Burger King Corp., 323 F. Supp. 2d 983, 991 (E.D. Mo. 2004); Gilbert/Robinson Inc. v. Carrie Beverage-Missouri, Inc., 758 F. Supp. 512, 521 (E.D. Mo. 1991). The elements of Missouri common law trademark infringement and unfair competition claims substantially overlap with the Lanham Act claim. Id.; Emerson Elec. Co. v. Emerson Quiet Kool Corp., 577 F. Supp. 688, 676 (E.D. Mo. 1983) (holding that a Missouri common law trademark infringement claim requires "two essential elements" of (1) ownership of distinctive mark or name; and (2) defendant's use of a similar mark or name is likely to cause confusion as to the source of the products sold by defendant).

When matters outside the pleadings are included with a motion to dismiss, the Court may either treat the motion as one to dismiss and exclude the matters outside the pleadings or treat the motion as a motion for summary judgment and provide the parties with the notice and opportunity to provide further materials. Brasch v. Peters, 479 F. Supp. 2d 1045, 1054 (E.D. Mo. 2007). The Court has "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." Stahl v. United States Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1366, at 491 (2d ed. 1990)). The Court, however, can consider any documents attached to the complaint when ruling on a motion to dismiss. Quinn v. Ocwen Fed. Bank FSB, 470 F. 3d 1240, 1244 (8th Cir. 2006). The Court may also consider documents "necessarily embraced by the complaint." Enervations, Inc. v. Minnesota Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004). Finally, a court may take judicial notice of a fact not in the record where it is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Upon consideration, the Court will not grant Defendants' motion to dismiss because it will not consider any matters outside the pleadings. Defendants ask the Court to take judicial notice of Leonardo Di Vinci's "Vitruvian Man," the Wikipedia Encyclopedia entry about it, a list of websites using the Vitruvian Man as a symbol, and the parties' websites. (Memo. in Supp., Doc. No. 10 at pp. 5-9). While the Court will take notice of the Vitruvian Man drawing, which is a generally known, this drawing does not impact whether Plaintiff has adequately pled a likelihood of confusion between the two marks. The Court, moreover, declines to take judicial notice of any other facts because they are neither "generally known" nor come from sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants contend that Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1042 n. 4 (E.D. Mo. 2004) allows the Court to take judicial notice of websites. Defendants read Enterprise too broadly. Enterprise merely allows a court to take judicial notice of a defendant's website when determining personal jurisdiction where that website is the only alleged contact with the forum. Id. Here, Defendants are attempting to shortcut the discovery process and reach the substantive, factual issue at the heart of this case. See Mut. of Omaha Ins. Co. v. Novak, 836 F.3d 397, 398 (8th Cir. 1987) (likelihood of confusion is question of fact). Such a

shortcut is improper. Finally, it is clear that Plaintiff sufficiently pleads each claim because its Complaint states that Defendants' Mark "is likely to cause mistake or deception," "is likely to cause and will cause confusion," and "has caused or is likely to cause confusion." (Compl. at ¶¶ 20, 32, 40).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 9) is **DENIED**.

Dated this 14th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

.
.