UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNERGY ERGONOMICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-243 (JCH) |
| ) | |
| ERGONOMIC PARTNERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The matter is before the Court on Plaintiff's "Motion to Strike Certain of Defendants' Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f)" (Doc. No. 18), filed June 18, 2008. The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Cynergy Ergonomics, Inc. is a Missouri corporation with its principal place of business in Ballwin, Missouri. (Compl., Doc. No. 1 at ¶ 5). Defendant Ergonomic Partners, Inc., which is owned by Defendant Matt Timme, is a Missouri corporation with its principle place of business in St. Louis, Missouri. (Id. at ¶¶ 6-7).

Since November 16, 2004, Plaintiff has engaged in the business of selling commercial and industrial material handling products and services. (Id. at ¶ 8). Since that time, Plaintiff has used the design shown in Exhibit A of the Complaint ("Plaintiff's Mark") as its mark. (Id.). Plaintiff's Mark has a figure standing in a pose resembling the "Vitruvian Man," and the figure is surrounded by eight, evenly spaced tick marks that form a circle. (Id. at Ex. A). Plaintiff uses this mark on its website, brochures, product tags, proposals, and letter head. (Id. at ¶ 9).

-1-

Defendants are also in the business of selling commercial and industrial material handling products and services. (Id. at ¶ 14). Since January 23, 2007, Defendants have used the design shown in Exhibit B of the Complaint ("Defendants' Mark") as their mark. (Id. at ¶¶ 14-15). Defendants' Mark also has a figure in a "Vitruvian man" pose, and the figure is surrounded by a circle. (Id. at Ex. B).

In October 2007, Plaintiff contacted Defendants and requested that they stop using Defendants' Mark because it infringes on Plaintiff's Mark. (Id. at ¶ 16). Defendants did not comply with this request. (Id. at ¶ 17). On February 19, 2008, Plaintiff filed this action alleging the following counts: (I) false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (II) common law trademark infringement, in violation of Mo. Rev. Stat. § 417.066(1); and (III) common law unfair competition. (Id. at ¶¶ 17-43). On May 29, 2008, Defendants filed their Answer, which included sixteen affirmative defenses. (Doc. No. 16). On June 19, 2008, Plaintiff filed a motion to strike the following affirmative defenses:

> 48. Plaintiff's claims are barred by the applicable statutes of limitation.
>
> 49. Plaintiff's claims are barred by the doctrine of laches.
>
> 50. Plaintiff's copyright or trademark registration, if any, is invalid pursuant to the Copyright Act, and Plaintiffs (sic) have (sic) not, therefore, obtained or maintained any lawful or valid copyright in the Cynergy Design Mark.
>
> 51. Plaintiff's asserted trademark in the Cynergy Design Mark is not famous.
>
> 52. Plaintiff's claims are barred by the doctrine of fair use, 17 U.S.C. § 107, and 15 U.S.C. § 1125(c)(4)(C).
>
> 53. Plaintiff's claims are barred by and violative of Defendants' civil rights as provided in the First Amendment of the Constitution of the United States.
>
> 54. Plaintiff has knowingly made false accusations against Defendants and is using the legal process for the improper purpose of thwarting competition and stifling free speech. Accordingly, Plaintiff is guilty of inequitable conduct and come (sic) into this Court with unclean hands.

55. Plaintiff's claims are barred because the Cynergy Design Mark contains matter which is not copyrightable under the Copyright Laws, as it is a derivative work based primarily on a work that is within the public domain.

56. Any alleged infringement was innocent and wholly without knowledge by Defendants of any rights claimed by Plaintiff.

57. Upon information and belief, Plaintiff's (sic) failed to register the Cynergy Design Mark with the copyright office within three months of the date of publication or prior to Defendants' use thereof. Plaintiffs (sic) are (sic) therefore barred from recovering statutory damages or attorneys' fees pursuant to 17 USC § 411.

58. Plaintiff's claims are barred because the Defendant Ergonomic Partners has consistently identified itself as an independent entity in no way associated with Plaintiff. . . .

60. Plaintiff's claims under Missouri state law are pre-empted by federal law.

(Mot. to Strike, Doc. No. 18; Ans. at ¶¶ 48-58, 60).

## **DISCUSSION**

### I. **Motion to Strike Standard**

Federal Rule of Civil Procedure 12(f) provides that, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Accordingly, motions to strike are " viewed with disfavor and are infrequently granted." Id.  A motion to strike will not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Kuhlmeier v. Hazelwood Sch. Dist., 578 F. Supp. 1286, 1295 (E.D. Mo. 1984); see also FDIC. v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (holding a motion to strike will not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances, or is

immaterial in that it has no essential or important relationship to the claim for relief.") (internal quotations and citations omitted).

In determining a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007). Additionally, the Court should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion. See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984) rev'd on other grounds, 478 U.S. 1015 (1986); accord Lunsford v. United States, 570 F.2d 221, 229-30 (8th Cir. 1977). Finally, a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. See DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007); see also Young v. Dunlap, 223 F.R.D. 520, 522 (E.D. Mo. 2004). The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome. Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (S.D.N.Y. 2003); see United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). With these standards in mind, the Court will examine each of the defenses at issue.

**II.    Statute of Limitations**

Plaintiff asserts that Defendants' statute of limitations defense is insufficient as a matter of law because Defendants began using their mark in 2007. Defendants do not specifically address this issue.

As an initial matter, the Court notes that the Lanham Act does not contain a statute of limitations. Rather, courts use "the doctrine of laches to determine whether a suit [under the Lanham Act] should be barred." Audi AG v. D'Amato, 469 F.3d 534, 545 (6th Cir. 2006); see Jarrow

Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835-37 (9th Cir. 2002) (noting that laches, not statute of limitations, is the proper defense to a § 43(a) claim). When determining whether laches bars a suit under the Lanham Act, the Court makes this determination "with reference to limitations period for the analogous action at law." Jarrow Formulas, 304 F.3d at 835; accord Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 135 (3d. Cir 2005); Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 820-21 (7th Cir. 1999); Kason Indus., Inc. v. Component Hardware Group, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997); Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 191 (2d Cir. 1996). Courts then use the analogous statute of limitations as a guideline for determining whether the claim is barred by laches. See Santana Prods., 401 F.3d at 135; see also Jarrow Formulas, 304 F.4d at 836 (holding that the statute of limitations determines whether laches is presumed applicable or inapplicable); Conopco, 95 F.3d at 191 (noting that the statute of limitations determines which party possesses the burden of proving or rebutting the defense). Missouri law does not contain a statute of limitations for trademark actions, meaning the default limitations period of five years applies to any trademark infringement claim. See Mo. Rev. Stat. § 516.120(4).

Upon consideration, the Court will not strike this defense for two reasons. First, it is relevant to the issue of laches. Secondly, a disputed fact prevents the Court from saying, as a matter of law, that Plaintiff filed its claim within the limitations period. In the Complaint, Plaintiff alleges that Defendants began using the mark in January 2007. (Compl. at ¶¶ 14-15). In the Answer, Defendants deny that they began using the mark on that date, (Ans. at ¶¶ 14-15) meaning a factual dispute exists regarding when Defendants began using the mark. As such, striking this defense would be inappropriate.

**III.     Laches**

Plaintiff asserts that the Court must strike Defendants' laches defense because the Answer does not plead specifically each element of a laches defense. Defendants respond that they have pled laches sufficiently.

The Federal Rules of Civil Procedure state that a defendant must raise affirmative defenses in a responsive pleading. See Fed. R. Civ. P. 8(c). Affirmative defenses are also subject to the general rule that a pleading must contain a "short and plain statement" of the basis of the defense. Fed. R. Civ. P. 8(a). The purpose of this rule is to "put opposing parties on notice of affirmative defenses and afford them the opportunity to respond" to them. See Buttice v. G.D. Searle & Co., 938 F. Supp. 561, 565 (E.D. Mo. 1996) (quoting Daingerfield Island Protective Soc'y v. Babbitt, 40 F.3d 442, 444 (D.C. Cir. 1994)). Generally, a limitations defense, which is similar to a laches defense, need "not be articulated with any rigorous degree of specificity and is sufficiently raised for purposes of Rule 8 by its bare assertion." Buttice, 938 F.3d at 565.

Upon consideration, Defendants have pled laches adequately. Although stated in a conclusory manner, the Answer puts Plaintiff on notice that Defendants will pursue this defense. Plaintiff, however, contends that Defendants must plead each element required to support a laches claim. To support this contention, Plaintiff relies on Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897 (N.D. Ill. 2006), which held that a defendant must plead each element of a laches claim to prevent it from being struck from the pleadings. After reviewing Reis, the Court declines to adopt its holding for two reasons. First, the Court was unable to find any other case law supporting this rule. Secondly, the Court believes that a heightened pleading requirement for a laches defense is incongruous with the concept of notice pleading, as well as the instruction that pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). As such, the Court will not strike this defense.

**III.    Copyright**

Plaintiff asserts that Defendants' affirmative defenses related to copyright registration (Ans. at ¶¶ 50, 55, 57) are without merit. Defendants do not respond to this assertion.[1]

Upon consideration, the Court will strike these defenses because it fails to see how the registration of a copyright has any impact on a trademark case. Moreover, Plaintiff has not alleged any violations of copyright law. As such, these defenses needlessly confuse the issues raised in this case and will be struck from the Answer.

**IV.**     **Famous Mark**

Plaintiff asserts that Defendants' defense claiming that Plaintiff's Mark is not famous is insufficient because the mark's fame is not relevant to its claims of trademark infringement.

The issue of whether a mark is "famous" is relevant to a claim of trademark dilution. 15 U.S.C. § 1125(c). Dilution protects "the holder of a famous mark from misappropriation of its investment in the mark." See Everest Capital Ltd. v. Everest Fund Mgmt., L.L.C., 393 F.3d 755, 762 (8th Cir. 2005). Dilution is "separate and distinct from trademark infringement. Infringement depends on a likelihood of consumer confusion over the source of the product." See Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 832 (8th Cir. 1999). While dilution requires no showing of a likelihood of consumer confusion, Viacom Inc. v. Ingram Enters., Inc., 141 F.3d 886, 888 (8th Cir. 1998), trademark infringement does not require that a mark be famous. I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 36 (1st Cir. 1998).

Upon consideration, the Court will strike this defense because it confuses the issues by transplanting a dilution defense into a trademark infringement action. Additionally, it is insufficient

---

[1]The affirmative defense listed in ¶ 50 also discusses trademark registration. The Court assumes that Plaintiff only wants to strike the portion of this defense that relates to copyright.

as a matter of law because lack of fame is never a defense to trademark infringement. As such, this defense is struck.

## V. Doctrine of Fair Use

Plaintiff asserts that Defendants' defense of fair use in copyright, 17 U.S.C. § 107, and trademark, 15 U.S.C. § 1125(c)(3)[2], is irrelevant because fair use is not a defense to trademark infringement.

Upon consideration, the Court will strike this defense. First, the reliance upon a copyright statute in a trademark case is clearly immaterial. Secondly, 15 U.S.C. § 1125(c)(3) is only a defense to claims of "dilution by blurring or dilution by tarnishment." As previously stated, dilution and trademark infringement are distinct claims. Thus, this defense is immaterial and needlessly confuses the issues before the Court.

## VI. First Amendment

Plaintiff alleges that Defendants' First Amendment defense fails because the First Amendment does not protect an infringing mark. Defendants respond that they are not claiming a right to infringe, rather they are claiming a right to use an image that is part of the public domain.

The First Amendment does not protect the use of trademarks where "it is likely to create confusion as to the . . . source of the goods in question." Coca-Cola Co. v. Purdy, 382 F.3d 774, 787 (8th Cir. 2004). Any trademark, however, that is not likely to cause confusion "is outside the jurisdiction of the Lanham Act and necessarily protected by the First Amendment." See Taubman Co. v. Webfeats, 319 F.3d 770, 775 (6th Cir. 2003).

Upon consideration, the Court will not strike this affirmative defense. The issue of whether a mark is likely to cause confusion requires a factual inquiry better left for a determination on the

---

[2]Defendants discuss 15 U.S.C. § 1125(c)(4)(C) in their Answer. Such a section does not exist.

merits. Moreover, should Defendants show either that no confusion is likely due to the mark's alleged generic nature, or for any other reason, this defense is viable.

## VII. Inequitable Conduct and Unclean Hands

Plaintiff asserts that Defendants' affirmative defense of unclean hands and inequitable conduct is not pled sufficiently because it fails to satisfy Fed. R. Civ. P. 9(b)'s pleading standard. Defendants respond that this defense is governed by Rule 8's pleading requirement, and alternatively that its Answer comports with Rule 9(b)'s requirements.

When alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). In order to satisfy this requirement, a plaintiff must "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). Stated differently, the complaint must identify the "who, what, where, when, and how" of the alleged fraud. See United States ex rel. Costner v. United States, 317 F.3d 883, 888 (8th Cir. 2003).

Upon consideration, the affirmative defense of unclean hands and inequitable conduct is governed by Rule 9(b) because Defendants allege that Plaintiff engaged in fraudulent behavior. See Zic v. Italian Gov't Travel Office, 130 F. Supp. 2d 991 (N.D. Ill. 2001); Carpenter v. Ford Motor Co., 761 F. Supp. 62, 66 (N.D. Ill. 1991). The Court also finds that Defendants' pleadings fail to satisfy Rule 9(b). Although they make more than a bare bones allegation of fraud, they fail to state the circumstances surrounding the fraud "with particularity." As such, the Court will strike this affirmative defense without prejudice and allow Defendants leave to file an amended answer.

## VIII. Innocent Infringement and No Association with Plaintiff

Plaintiff asserts that the Court should strike the affirmative defenses of innocent infringement and no association with Plaintiff because neither defense negates an element of a trademark infringement claim. Defendants respond that the defenses impact the determination of whether their mark is likely to cause consumer confusion.

The issue of consumer confusion is central to a trademark infringement claim. See Gilbert/Robinson, Inc. v. Carrie Beverage-Mo., Inc., 758 F. Supp. 512, 522 (E.D. Mo. 1991) When determining whether a mark is likely to cause confusion, the Court relies on a multi-factor test. See SquirtCo v. Seven-Up Co., 628 F.2d 1086, 1091 (8th Cir. 1980). These factors include (1) similarity of the marks; (2) the degree to which the products compete with each other; (3) classes of, and degree of care likely to be exercised by, prospective purchasers; (4) evidence of actual confusion; (5) defendant's intent in adopting the mark; and (6) the strength of plaintiff's mark. Gilbert/Robinson, 758 F. Supp. at 522. Although intent is not an element of trademark infringement, the deliberate adoption and use of a mark "similar to another's mark gives rise to an inference that confusion is likely to occur." Id.

Upon consideration, the Court will not strike either of these affirmative defenses. Both intent and intentional association, or disassociation, are relevant to the question of whether there is a likelihood of confusion between the marks. As such, these defenses are relevant. Additionally, these defenses raise factual disputes better resolved on a determination on the merits.

**IX.     Federal Preemption**

Plaintiff contends that Defendants' affirmative defense of federal preemption is antithetical to "text-book" law. Defendants respond that the Lanham Act can preempt state law in some circumstances.

Because the Lanham Act is not a comprehensive regulation of the field of trademark law, courts are not likely to find that it preempts state law remedies. Tonka Corp v. Tonk-a-Phone, Inc., 805 F.2d 793, 794-95 (8th Cir. 1986) (finding that the Lanham Act did not preempt a Minnesota statute); Words & Data, Inc. v. GTE Communications Servs., Inc., 765 F. Supp. 570, 579 (W.D. Mo. 1991) (noting that the Lanham Act and Missouri trademark law are generally viewed as coextensive). As one court succinctly stated, " in trademark law preemption is the exception, not the rule." JCW Invs., Inc. v. Novelty, Inc., 482 F.3d 910, 919 (7th Cir. 2007); Attrezzi LLC v. Maytag Corp., 436 F.3d 32, 42 (1st Cir. 2006) (finding that the Lanham Act did not preempt a New Hampshire statute). Courts, however, do acknowledge that the Lanham Act can preempt some state laws. Spartan Food Sys., Inc. v. HFS Corp., 813 F.2d 1279, 1284 (4th Cir. 1987) (finding that the Lanham Act creates a limited preemption of state law where the two directly conflict); Goddard, Inc. v. Henry's Foods, Inc., 291 F. Supp. 2d 1021, 1034-35 (D. Minn. 2003); Macia v. Microsoft Corp., 152 F. Supp. 2d 535, 540 (D. Vt. 2001) (holding that it is possible for the Lanham Act to preempt state law); Storer Cable Communications v. City of Montgomery, 806 F. Supp. 1518, 1540 (M.D. Ala. 1992) (holding that the Lanham Act can preempt state laws that conflict with "its provisions or purposes.").

Upon consideration, the Court will not strike this affirmative defense. Although a preemption defense rarely succeeds in a trademark action, the Court cannot say that the defense cannot succeed under any circumstances in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Paragraphs 51, 52, 54, 55, and 57 of the Answer are struck in full and Paragraph 50 of the Answer is struck in part.

**IT IS FURTHER ORDERED** that Defendants may file an Amended Answer to reallege the inequitable conduct and unclean hands affirmative defense no later than **Friday, August 1, 2008.**

Dated this 21st day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE